# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1210
_____

LAVERN WHITE,

Appellant,

v.

DEPARTMENT OF REVENUE,

Appellee.

_____


On appeal from final agency action of the
Department of Revenue.
Jim Zingale, Executive Director.


July 3, 2024

TANENBAUM, J.

This appeal involves a final administrative support order of the Department of Revenue. The department issued the order under section 409.2563, Florida Statutes, which, as an alternative to seeking court-ordered child support, establishes a voluntary, streamlined process within the executive branch to do the same thing. *See* § 409.2563(2)(a), Fla. Stat. ("This section is intended to provide the department with an alternative procedure for establishing child support obligations and establishing a parenting time plan only if the parents are in agreement, in Title IV-D cases in a fair and expeditious manner when there is no court order of support.").

Lavern White took advantage of this process as she tried to extract financial support from her ex-husband, Leston Pinnock, Sr., to help care for their daughter. As part of the administrative proceeding, both White and Pinnock submitted financial and parental information to the department. The department then established a monthly award of support in favor of White, as authorized by law. *See id.* (5), (7). Unhappy with the amount, White filed this appeal. The problem is, because the order makes her the *obligee*, we do not have jurisdiction.

Neither Pinnock nor the department requested an evidentiary hearing before an administrative hearing officer. *See id.* (6) (providing for such a hearing if either the prospective obligor or the department requests one). Because there was no hearing, the statute gives only the *obligor*—that would be Pinnock here—the right to seek direct judicial review of the support order in this court. *See id.* (10)(a) ("The *obligor* has the right to seek judicial review of an administrative support order or a final order denying an administrative support order in accordance with s. 120.68." (emphasis supplied)); *see also id.* (giving the department the right to seek judicial review of an order entered by an administrative hearing officer if the matter had been referred there for an evidentiary hearing); § 120.68(1)(a), Fla. Stat. (describing that only "[a] party who is adversely affected by final agency action is entitled to judicial review").

A district court of appeal is an appellate court of limited jurisdiction when it comes to direct review of executive branch actions. We have "the power of direct review of administrative action" only to the extent that the Legislature specifies. *See* Art. V, § 4(b)(2), Fla. Const. ("District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law."). Because the Legislature has not authorized direct review at the behest of a support-order *obligee* (which White is here), we do not have jurisdiction to consider her appeal from that order. If White wants to challenge the amount of the support order, she must go to circuit court. *See* § 409.2563(10)(c), Fla. Stat. ("A circuit court of this state, where venue is proper and the court has jurisdiction of the parties, may enter an order prospectively changing the support obligations established in an administrative support order, in which case the administrative support order is

superseded and the court's order shall govern future proceedings in the case."); *see also id.* (2)(g) ("Either parent, or a caregiver if applicable, may at any time file a civil action in a circuit court having jurisdiction and proper venue to determine parental support obligations, if any. A support order issued by a circuit court prospectively supersedes an administrative support order rendered by the department.").

DISMISSED for want of jurisdiction.

B.L. THOMAS and NORDBY, JJ. concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Lavern White, pro se, Appellant.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Appellee.